Motion 522(f)(1)(A) (12/14)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO

In re   Cedric Dwayne Reed

Debtor/s

)
)
)

Case No.   16-52695

Chapter   13

Judge   John E. Hoffman, Jr.

## AMENDED MOTION TO AVOID JUDICIAL LIEN ON
## REAL PROPERTY PURSUANT TO 11 U.S.C. § 522(f)(1)(A)

Cedric Dwayne Reed                    (the "Debtor," whether individually or collectively)

moves the court pursuant to 11 U.S.C. § 522(f)(1)(A) and Federal Rules of Bankruptcy Procedure 4003(d) and 9014 for an order granting this motion to avoid the judicial lien of

Midland Funding, LLC                    (the "Creditor").

## Memorandum in Support

(1) The Debtor filed a voluntary petition under chapter  13   of the Bankruptcy Code on

April 24, 2016   (the "Petition Date").

(2) As of the Petition Date, the Debtor was the owner of the following real property located at

2400  Briers Drive, Columbus, Ohio 43209   (the "Property").

The Debtor owns the Property

joint with right of survivorship with Tracy A. Reed

☒ A legal description of the property is attached as Exhibit   1  .

(3) The value of the Property as of the Petition Date, as set forth in the

Appraisal filed with the Court on June 5, 2016 (Doc. 16)

was $  31,800.00  .

(4) The Debtor's interest in the Property as of the Petition Date was $   31,800.00  .

(5) As of the Petition Date, the Property was subject to certain mortgages/liens in the amounts specified and in the relative priority set forth below:

First mortgage/lien:

Nationwide Credit, Inc., agent for New Century Mortgage aka OCWEN, 1874 Catastuqua Road, Allentown, PA 18109

in the amount of $   48,834.52   recorded on   October 20, 2006  .

Motion 522(f)(1)(A) (12/14)

---

<u>Additional</u> mortgage/lien:

Woods Cove III, LLC, 1801 W. Olympic Blvd., Pasadena CA 91199

in the amount of $   2,390.49   recorded on   November 21, 2012   .

<u>Additional</u> mortgage/lien:

Plantation Lakes Condominium Association

in the amount of $   2,628.06   recorded on   March 11, 2009   .

---

(6)  The Creditor obtained a judgment in the amount of $   3,263.21   against the Debtor on

March 30, 2011   in the

Franklin County Court of Common Pleas, Case No. 2011 CVF00948                              .

The Certificate of Judgment was filed on   June 9, 2011   with the

Franklin County Court of Common Pleas, Case No. 11 JG 06 22525                          at

Columbus, Ohio                              .

(7) The Debtor has claimed or is entitled to claim an exemption in the Property in the amount of

$   957.49   pursuant to

orc 2329.66(a)(1)                              .

(8) 11 U.S.C. § 522(f)(2)(A) provides that "a lien shall be considered to impair an exemption to the extent that the sum of: (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any lien." 11 U.S.C. § 522(f)(2)(A).

(9) Using the formula set forth above, the judicial lien of the Creditor impairs the Debtor's exemption, wherefore the judicial lien of the Creditor is avoidable pursuant to 11 U.S.C. § 522(f)(2)(A). In this case we have the following values:

| | | |
|---|---|---|
| a. Amount of judicial lien | $ | 3,263.21 |
| b. Amount of all other liens | $ | 53,853.07 |
| c. Value of exemptions | $ | 31,800.00 |
| | | |
| d. Total: lines a + b + c = line d | $ | 88,916.28 |
| e. Value of the Debtor's interest in the Property | $ | 31,800.00 |
| | | |
| f. Subtract line e from line d | $ | 57,116.28 |
| | | |
| Extent of exemption impairment: | $ | 31,800.00 |

If line f is equal to or greater than line a, the entire judicial lien is avoided

If line f is less than line a, a portion of the judicial lien may be avoided

(10) Upon

discharge of Debtor,                                                                          ,

the judicial lien of the Creditor on the Property will be avoided. If the Creditor fails to timely release the judicial lien, the Debtor may submit an order granting this motion to the applicable court or recorder's office as evidence of the release of the judicial lien.

WHEREFORE, the Debtor requests that the court grant the Motion to Avoid Judicial Lien on Real Property pursuant to 11 U.S.C. § 522(f)(1)(A).

Respectfully submitted,

/s/ Rebecca K. Hockenberry

Rebecca K. Hockenberry (0074930)

Hockenberry Law Office, LLC

PO Box 1014
Ashland, OH 44805

Ph:  (614) 900-2725

Fx:  (614) 737-9945

rebecca@hockenberrylaw.com

<u>Notice of Amended Motion</u>

Debtor has filed a Amended Motion to Avoid Judicial Lien on Real Property pursuant to 11 U.S.C. § 522(f)(1)(A).

**Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to

OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the above date.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

Rebecca K. Hockenberry, Esq., PO Box 1014, Ashland, OH 44805

Faye D. English, One Columbus Center, 10 West Broad Street, Suite 900, Columbus, OH 43215

Motion 522(f)(1)(A) (12/14)

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief without further hearing or notice.

Certificate of Service

I hereby certify that true and accurate copies of the foregoing Amended Motion to Avoid Judicial Lien on Real Property pursuant to 11 U.S.C. § 522(f)(1)(A) and Notice of Motion were served on October 4, 2016, on the following registered ECF participants, electronically through the court's ECF System at the email address registered with the Court:

- Asst US Trustee (Col)    ustpregion09.cb.ecf@usdoj.gov
- Faye D. English    notices@ch13columbus.com
- Brian M Gianangeli    bgianangeli@mifsudlaw.com
- Adam Bradley Hall    amps@manleydeas.com

And on the following parties by regular U.S. Mail:

JS & Associates Appraisal Services, LLC
P.O. Box 29637
P.O. Box 29637
Columbus, OH 43229-0637

Dean R Prober
Prober & Raphael, A Law Corporation
20750 Ventura Boulevard
Suite 100
Woodland Hills, CA 91364-4365

Midland Funding, LLC
Midland Credit Management, Inc., agent
Attn:  J. Brandon Black, CEO
8875 Aero Drive
San Diego, CA 92123

And on the following parties by certified mail, return receipt requested:

/s/ Rebecca K. Hockenberry
Rebecca K. Hockenberry (0074930)
PO Box 1014
Ashland, OH 44805

Ph:  (614) 900-2725

Fx:  (614) 737-9945